

**MEMO ENDORSED**

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/14/2023

June 9, 2023

**BY ECF and EMAIL**
Hon. Valerie E. Caproni
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *United States v. Antonio Kassab*, 20 Cr. 390 (VEC)

Dear Judge Caproni:

    The Government respectfully submits this letter in response to defendant Antonio Kassab's motion for early termination of supervised release. (Dkt. 27). For the reasons set forth below, the Government opposes the defendant's application.

    On January 12, 2021, the defendant pled guilty to four counts of possessing with intent to distribute heroin, in violation of 21 U.S.C. § 841(a) and (b)(1)(C). (Dkt. 24). These charges arose out of a Drug Enforcement Administration ("DEA") investigation, launched in 2016, into a heroin dealer located in Washington Heights, New York, who was selling powerful heroin and fentanyl. (Presentence Investigation Report ("PSR") ¶ 13). Based on information provided by a confidential source, law enforcement subsequently identified the distributor as the defendant. (*Id.*). The DEA then set up four separate undercover purchases of heroin from the defendant over the course of approximately three weeks in the fall of 2017. (*Id.* ¶¶ 14–17). In total, the DEA purchased over 100 glassines of heroin from the defendant. (*Id.*).

    On May 11, 2021, the defendant was sentenced to time served with three years' supervised release, to include 12 months' home confinement. (Dkt. 25). The defendant has been on supervised release since May 11, 2021, and, accordingly, has completed approximately two years of his three-year supervised release term.

    Title 18, Section 3583(e)(1) of the United States Code authorizes the Court, after considering certain of the 18 U.S.C. § 3553(a) factors, to "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." "Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997).

However, "[a] defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release." *United States v. Bouchareb*, 76 F. Supp. 3d 478, 479 (S.D.N.Y. 2014). That is because "full compliance with the terms of supervised release is what is expected . . . and does not warrant early termination." *Id.*; *see also United States v. Gonzales*, No. 94-CR-0134 (JSR), 2015 WL 4940607, at *1 (S.D.N.Y. Aug. 3, 2015) ("[F]ull compliance with the terms of supervised release is what is expected of [the defendant] . . . and does not warrant early termination.") (internal quotation marks omitted); *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.").

Here, based on information provided by the United States Probation Office, the Government does not dispute that the defendant has abided by the terms of his supervised release. Nonetheless, the defendant has not presented any exceptional circumstances that would warrant early termination. *See Bouchareb*, 76 F. Supp. 3d at 479.

Moreover, the defendant's criminal history – and especially his history of violence – weighs heavily in favor of his remaining under court supervision for the full duration of his supervised release term. To begin, the defendant has two convictions for assault. On or about January 12, 2017, the defendant pled guilty to assault, arising out of an incident in which he threatened to kill his then-girlfriend with a gun, in addition to slapping, punching, and choking her, and biting her in the face. (PSR ¶¶ 45–46). On or about July 29, 2004, the defendant was convicted of assault after a jury trial, arising out of an incident in which – after the victim confronted the defendant for having struck the victim's son in the head with a snowball – the defendant struck the victim repeatedly, causing injury to his face, the back of his head, and his arms. (*Id.* ¶¶ 39–40). Further, on or about October 10, 2008, the defendant was convicted of attempted criminal possession of a weapon, in connection with an incident in which he was found to be in possession of a loaded firearm. (PSR ¶¶ 41–42). Accordingly, and particularly in light of this history, the Government submits that the defendant should remain on supervised release for the entirety of the term to which he was sentenced.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

by: /s/ A. Messiter
Alexandra S. Messiter
Assistant United States Attorney
(212) 637-2544

cc: U.S. Probation Officer Andrew Leung (by email)
　Jonathan Marvinny, Esq. (by email and ECF)

Mr. Kassab's request for early termination of his supervised release is DENIED.  The Court appreciates that Mr. Kassab has dutifully complied with the terms and conditions of his supervised release thus far, but the Government raises compelling arguments that, in the Court's view, warrant continuing the remainder of his supervised release.  While it is true that the most recent conviction for a violent offense occurred in 2017, Judge Keenan presumably considered the timing of that offense when imposing Mr. Kassab's sentence, including the three-year period of supervised release.

The Clerk of Court is hereby directed to terminate the open motions at docket entries 27 and 30.

SO ORDERED.

Date: 6/14/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE